UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

**CIVIL CASE NO. 09-7075-JMH-CJS**
**CRIMINAL CASE NO. 07-134-JMH-CJS**

**UNITED STATES OF AMERICA**                                                   **PLAINTIFF**

**v.**                      **REPORT AND RECOMMENDATION**

**CALVIN LEE GODDARD**                                                  **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \*

On September 29, 2008, Defendant Goddard pled guilty to attempting to possess with intent to distribute 500 grams or more of cocaine and to criminal forfeiture. (R. 156). In exchange for his plea, the Government agreed to dismiss the remaining counts against him. (R. 158). On October 7, 2008, Goddard moved to withdraw his plea (R. 172), which the Court denied on October 9, 2008 (R. 177). On January 26, 2009, Goddard was sentenced to a term of imprisonment for 180 months and Judgment was entered. (R. 226). On February 2, 2009, Goddard appealed from that Judgment (R. 230), which appeal is still pending before the Sixth Circuit Court of Appeals. *United States v. Goddard*, No. 09-5120 (6th Cir.).

On May 18, 2009, with his direct appeal pending, Goddard filed a Motion to Vacate Sentence and Conviction pursuant to 28 U.S.C. § 2255. (R. 271). On May 29, 2009, Goddard filed an amendment or supplement to his § 2255 motion. (R. 277).[1] On June 22, 2009, the United States was

---

[1] Although titled as an Amendment to Motion to Vacate, the filing is in the nature of a supplemental argument to Goddard's original motion. This filing was formally docketed by the Clerk of Court as a Motion to Amend/Correct Defendant's Motion to Vacate under 28 U.S.C. § 2255. (R. 277).

ordered to answer or otherwise plead within forty (40) days. (R. 285). On or before the expiration of that period, the United States moved to extend the deadline until September 3, 2009 (R. 293), and on September 3, 2009, filed a second motion request to extend the deadline until September 18, 2009 (R. 301). Before the Court ruled on the Government's motions for extension of time, Goddard filed a Motion for Default Judgment, to which the Government responded referencing its timely request for an extension of time. (R. 294 & 295). The United States thereafter on September 18, 2009, filed its Response in Opposition to Goddard's Motion to Vacate Sentence within the requested extended deadline. (R. 305).[2] The requested extensions by the United States were reasonable, both as to the extension requested and the grounds put forth in support of the requests. The Government's motions to extend its response time should be granted and Goddard's Motion for Default Judgment denied.

In addition, Goddard's § 2255 motion is premature inasmuch as his direct appeal to the Sixth Circuit is currently pending (*see* R. 343) and he has not demonstrated that any extraordinary circumstances exist. *See United States v. Adams*, No. 04-2213, 2010 WL 114513, n.1 (6th Cir. Jan. 13, 2010); *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998). Accordingly, it is recommended that Goddard's § 2255 motion (R. 271) and amendment/supplement (R. 277) and proposed amendment thereto (R. 320) be denied without prejudice.

Goddard has also filed numerous additional post-conviction motions. (R. 287, 289, 299, 309, 310, 314, 339, 341, 342, & 354, 361, 362, 363, and 367). Two of his motions ask that he be provided with a copy of the appendix he filed with the Clerk of Court. (R. 287, 299). The Clerk

---

[2]After the United States filed a Response, Goddard on October 21, 2009, filed a second motion for leave to amend his § 2255 motion. (R. 320).

having docketed Goddard's tendered Appendix to his § 2255 motion (R. 290), the Court finds it appropriate for the Clerk to return a copy to him; therefore, these motions should be granted.

Goddard also filed a Motion for Intervention pursuant to 28 U.S.C. § 2403(a). (R. 289). Section 2403(a) provides that the United States may intervene in a federal action in which the constitutionality of an Act is drawn into question. Here, the United States is already a party. Thus, intervention is neither necessary nor appropriate.

Lastly, despite Goddard's efforts to craft his other pending motions under different Rules, these motions all relate, in at least some respect, to the arguments he raised in his pending § 2255 motion filings and, therefore, will be construed as motions to supplement his § 2255 motion. Given the recommended denial without prejudice of Goddard's § 2255 motion filings, it is further recommended that these motions similarly be denied without prejudice. (R. 309, 310, 314, 339, 341, 342, 354, 361, 362, 363, & 367).

Accordingly, **IT IS RECOMMENDED** that:

1. United States' Motions for Extension of Time to Respond (R. 293 & 301) be **granted;**

2. Defendant Goddard's Motion for Default Judgment (R. 294) be **denied**;

3. Defendant Goddard's Motion for Intervention of Right (R. 289) be **denied**;

4. Defendant Goddard's motions to obtain copies (R. 287 & 299) be **granted in part and denied in part**. The Clerk should be instructed to forward a copy of the Appendix to Goddard. As it is recommended that Goddard's § 2255 motion be denied without prejudice, Goddard's request that the Appendix be served upon the United States Attorney should be denied without prejudice;

5. Defendant Goddard's Motion To Vacate pursuant to 28 U.S.C. § 2255 (R. 271) and amendment/supplement (R. 277) and proposed amendment (R. 320) be **denied without prejudice;**

6. Defendant Goddard's Motion to Dismiss and Amendment thereto (R. 309 & 310), Motion to Provide for Inspection of Jury List (R. 314), Motions for Proof of Power, Standing & Jurisdiction (R. 339 & 341), Motion to Accept Response of United States as Admission (R. 342), Motions for Judicial Notice (R. 354, 361), Motion for Judgment of Acquittal (R. 362), Notice and Demand to Vacate Void Judgment (R. 363), and Motion for Quo Warranto Hearing (R. 367) be **denied without prejudice,** as these arguments have been presented in Goddard's § 2255 motion filings, and will be considered in conjunction therewith when a timely motion is presented;

7. Defendant Goddard's § 2255 proceeding, including Civil Case No. 09-7075, be **dismissed without prejudice** and **stricken** from the docket of this Court; and,

8. No Certificate of Appealability be issued by the District Court in conjunction with the Court's entry of its order in this matter, as the Court's denial without prejudice of Defendant's § 2255 motion is not a "final" order under 28 U.S.C. § 2253(a), *see United States v. Ocampo,* No. 06-20172, 2009 WL 3429606 (E.D. Mich. Oct. 20, 2009), nor has the § 2255 motion been reviewed on the merits and, consequently, a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2) has not been considered.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y*

*of Health & Human Servs.,* 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

  This 11th day of August, 2010.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\DATA\habeas petitions\09-7075 Goddard denial as premature.wpd