UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

UNITED STATES OF AMERICA,      )
      Plaintiff,               )
                               ) Criminal Action No. 07-134-SS-JMH
v.                             ) (Civil Action No. 09-7075-JMH)
                               )
                               )
CALVIN L. GODDARD,             )
                               )
      Defendant.               )      **MEMORANDUM OPINION & ORDER**


                    **      **      **      **      **


      Calvin L. Goddard, the defendant, *pro se*, has filed a motion

to vacate sentence pursuant to Rule 60(b).[1] [DE 396].  The initial

question is how this Court should treat the instant motion.

      On September 29, 2008, Goddard pled guilty to attempting to

possess with intent to distribute 500 grams or more of cocaine and

to criminal forfeiture. [DE 156].  In exchange for his plea, the

Government agreed to dismiss the remaining counts against him. [DE

158].  On October 7, 2008, Goddard moved to withdraw his plea [DE

172], which the Court denied on October 9, 2008 [DE 177].  On

January 26, 2009, Goddard was sentenced to a term of imprisonment

for 180 months and Judgment was entered. [DE 226].  On February 2,

2009, Goddard appealed from that Judgment [DE 230], but his

---

      [1] The undersigned assumes that the defendant is referring to
Fed. R. Civ. P. 60(b) which deals from relief from judgment in
civil proceedings.  On the other hand, Fed. R. Crim. P. 60(b) is
concerned with victim's rights.

conviction and sentence was affirmed on March 11, 2011. [DE 383].
*See United States v. Goddard*, 638 F.3d 490 (6th Cir. 2011).
Goddard then filed a petition for a writ of certiorari with the
United States Supreme Court which remains pending. [DE 395].
*Goddard v. United States*, No. 11-5380. Thus, the narrow question
is whether this Court may entertain a "Rule 60(b)" motion while his
petition for a writ of certiorari remains pending.

Goddard contends that his Rule 60(b) motion is neither a
second appeal nor is it a vehicle to circumvent the requirements of
28 U.S.C. § 2255. Rather, he contends that he is seeking to
challenge a defect in the habeas corpus proceedings in this Court,
citing *Gonzalez v. Crosby*, 545 U.S. 524 (2005). In fact, Justice
Scalia makes it clear that the holding in *Gonzalez* pertaining to
the applicability of Rule 60(b) is limited to habeas corpus actions
brought under 28 U.S.C. § 2254. *Id*. at 530 n.3.

Moreover another problem with Goddard's argument is revealed
when the substance of his Rule 60(b) motion is addressed. He
argues that this Court lacked subject matter jurisdiction over his
criminal case, citing *Bond v. United States*, 564 U.S. __, 131 S.Ct.
2355 (2011). Clearly, this argument does not go to a defect in a
prior habeas proceeding as was the case in *Gonzalez*. 545 U.S. at
530 n.3. Indeed, the defendant has no pending habeas corpus
petition under § 2255, and his current attack clearly goes to
validity of his criminal conviction and sentence. Thus, applying

*Gonzalez* for the purpose of argument only, in the absence of any habeas corpus petition let alone one under § 2254, a motion under Rule 60(b) would not be appropriate. *Id.* at 532 and 532 n.4.

Finally, Rule 60(b) does not apply to federal criminal cases. As Judge Clay recently explained in the unpublished case of *United States v. Gibson*, 2011 WL 2008308, at *3 (6th Cir. May 24, 2011):

> Unlike habeas proceedings, which are subject to the Federal Rules of Civil Procedure "to the extent that [it is] not inconsistent with applicable federal statutes and rules," *Crosby*, 545 U.S. at 529 [](internal citations and quotation marks omitted), federal criminal trials are governed by the Federal Rules of Criminal Procedure. *See*, *e.g.*, Fed.R.Crim.P. 1(a)(1) (stating that the rules of criminal procedure govern criminal cases); Fed.R.Civ.P. 1 (limiting the scope of the rules of civil procedure); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (discussing scope of rules). Accordingly, "Rule 60(b) is not applicable to criminal proceedings," *United States v. Diaz*, 79 Fed. Appx. 151, 152 (6th Cir.2003), and may not be used to disturb a criminal sentence or conviction. *See, e.g., Mosavi*, 138 F.3d at 1366; *United States v. McCalister*, 601 F.3d 1086, 1087–88 (10th Cir. 2010); *United States v. Bender*, 96 Fed. Appx. 344, 345 (6th Cir. 2004); *United States v. Charles*, 37 Fed. Appx. 758, 758 (6th Cir. 2002); *Beckett v. United States*, 8 Fed. Appx. 330, 332 (6th Cir. 2001).

Ultimately, Defendant has pending a petition for a writ of certiorari in which he seeks further relief as part of his direct appeal of his conviction and sentence in this criminal matter. As this matter is still on appeal, this Court is divested of

jurisdiction. *Capaldi v. Pontesso*, 135 F.3d 1122,1124 (6th Cir. 1998). However, even if it could take up this issue at this time, the Court would deny his motion for relief for the reasons set out above.

This the 12th day of August, 2011.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge