UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 07-134-DCR |
| ) | |
| V. ) | |
| ) | |
| CALVIN LEE GODDARD, ) | **MEMORANDUM ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Calvin Lee Goddard has filed a motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e) and a petition for a writ of error *coram nobis*. [Record Nos. 494 and 495] The defendant pleaded guilty to one count of attempting to possess with intent to distribute 500 grams or more of cocaine on September 29, 2008, in violation of 21 U.S.C. § 846. [Record Nos. 156 and 158] United States Senior District Judge Joseph M. Hood sentenced him on January 26, 2009, to 180 months' imprisonment, to be followed by an 8-year term of supervised release. [Record No. 226; *see also* Record No. 489 (Amended Judgment imposing the same terms of incarceration and supervised release).]

Goddard is now serving his term of supervised release. The undersigned transferred jurisdiction over his supervised release to the United States District Court for the Western District of Virginia pursuant to 18 U.S.C. § 3605 on July 8, 2021, after which Chief United States District Judge Michael F. Urbanski of the Western District of Virginia accepted jurisdiction effective July 18, 2021. [*See* Record No. 493.]

Goddard's motion for early termination of supervised release, dated September 3, 2021, requests that this Court grant relief pursuant to § 3583(e).  [*See* Record No. 494.]  Under § 3605, "[a] court to which jurisdiction is transferred . . . is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227 [of Title 18]."  "Once the transfer is effected, the transferor court no longer has jurisdiction to exercise the powers that may be exercised by the transferee court."  *United States v. El Herman*, 971 F.3d 784, 786 (8th Cir. 2020) (citation omitted); *see also United States v. Adams*, 723 F.3d 687, 689 (6th Cir. 2013) ("[T]he transferee court steps into the shoes of the transferor court.") (citation omitted).  Subsection 3583(e) is located in subchapter D of Title 28, chapter 227.  *See* 18 U.S.C. § 3583(e); *Adams*, 723 F.3d at 689.  Accordingly, Goddard must seek § 3583(e) relief in the United States District Court for the Western District of Virginia.

Regarding the petition for a writ of error *coram nobis*, transferor courts have addressed motions pertaining to pre-transfer matters filed after § 3605 transfers of supervised release jurisdiction.  *See United States v. Caicedo*, 341 F. App'x 403, 403-04 (10th Cir. 2009) (declining to issue a certificate of appealability for a 28 U.S.C. § 2255 motion and agreeing with the district court that arguments relating to issues before transfer were untimely under § 2255(f) while arguments pertaining to post-transfer issues needed to be raised before the transferee court).  *Kloszewski v. United States*, No. ST-91CR57-MU, 2006 WL 1549115, at *2-3 (W.D.N.C. May 31, 2006) (denying petition for writ of error *coram nobis* challenging an amended judgment entered prior to § 3605 transfer).  Although Goddard appears to have omitted certain pages from his petition dated September 2, 2021, it is clear that he argues that

the United States failed to charge him with an actual offense, which relates to an issue pre-dating the transfer of supervised release jurisdiction. [*See* Record No. 495, p. 2]

Moreover, a writ of *coram nobis* "can be filed only in the court where the alleged errors occurred because it is in that district where the records and government officials involved are located." *United States v. Sandles*, 469 F.3d 508, 517 (6th Cir. 2006) (internal quotation marks and citations omitted). Here, the alleged errors appear to relate to the charge brought by the United States against the defendant in this district. Finally, the Court notes that the authority to grant a writ of error *coram nobis* in criminal cases derives from the All Writs Act, 28 U.S.C. § 1651. *See United States v. Johnson*, 237 F.3d 751, 753 (6th Cir. 2001) (citing *United States v. Morgan*, 346 U.S. 502, 506 (1954)). The All Writs Act found in Title 28, unlike 18 U.S.C. § 3583, is not among the statutory provisions for which jurisdiction is automatically transferred by the terms of § 3605. *See* 18 U.S.C. § 3605.

Based on the foregoing, the Court will address the petition. "*Coram nobis* is an extraordinary writ that may be used to 'vacate a federal sentence or conviction when a § 2255 motion is unavailable — generally, when the petitioner has served his sentence completely and thus is no longer in custody[.]'" *Pilla v. United States*, 668 F.3d 368, 372 (6th Cir. 2012) (alteration in original) (quoting *Blanton v. United States*, 94 F.3d 227, 231 (6th Cir. 1996)). A defendant serving a term of supervised release remains "in custody" and cannot seek *coram nobis* relief. *E.g.*, *Sandles*, 469 F.3d at 517-18. Goddard cannot seek *coram nobis* relief while he is on supervised release, and his petition will accordingly be denied.

Goddard does not purport to proceed under § 2255, *i.e.*, the proper mechanism to bring his challenge. But he has previously filed a § 2255 motion, which this Court denied on the merits on September 26, 2013. [Record No. 446] The defendant subsequently sought, on at

least three occasions, permission to file a second or successive § 2255 motion from the United States Court of Appeals for the Sixth Circuit. [*See* Record No. 485, p. 2 (the Sixth Circuit recounting such motions).] Should Goddard seek further relief on this issue pursuant to § 2255, he must again request permission to file a second or successive § 2255 motion from the Sixth Circuit. *See* 28 U.S.C. §§ 2244(b)(3) and 2255(h). Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Calvin Lee Goddard's motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e) [Record No. 494] is **TRANSFERRED** to the United States District Court for the Western District of Virginia. The Clerk of this Court is directed to transmit a copy of the motion and this Order to the Clerk of the United States District Court for the Western District of Virginia.

2. The defendant's petition for a writ of error *coram nobis* [Record No. 495] is **DENIED**. If the defendant seeks similar relief pursuant to 28 U.S.C. § 2255, he must first obtain permission to do so from the United States Court of Appeals for the Sixth Circuit.

Dated: September 14, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky